**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X   **Docket No:**  1:23-cv-00891

MARIAH (*f/k/a* SKY) MARYSE,

Plaintiff,

<b><u>COMPLAINT</u></b>

- against-

<b><i><u>PLAINTIFF DEMANDS<br>A TRIAL BY JURY</u></i></b>

PFNY LLC, PF PAYROLL LLC, YASMINA
PEREZ, *In Her Individual and Official Capacities*,
Employee "GAVIN DOE", *In His Individual and
Official Capacities*, Manager "ANAIDA DOE", *In
Her Individual and Official Capacities*, and Manager
CARLOS TORRES, *In His Individual and Official
Capacities*,

Defendants.

---------------------------------------------------------------X

PLAINTIFF MARIAH MARYSE, by and through his attorneys, PHILLIPS &

ASSOCIATES, Attorneys at Law, PLLC, hereby complains of DEFENDANTS, and alleges as

follows:

<b><u>NATURE OF THE CASE</u></b>

1.    **PLAINTIFF** complains pursuant to <u>Title VII of the Civil Rights Act of 1964</u>, as codified*,*

<u>42 U.S.C.</u> §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of

1991, Pub. L. No. 102-166) ("Title VII"), <u>Americans with Disabilities Act of 1990</u>, <u>42

U.S.C</u>. §§ 12101, *et seq*. ("ADA"); the <u>New York State Human Rights Law</u>, <u>New York

State Executive Law</u> §§ 296, *et seq*. ("NYSHRL"), and the <u>New York City Human Rights

Law</u>, <u>New York City Administrative Code</u> §§ 8-107, *et seq*. ("NYCHRL"), and seeks

damages to redress the injuries PLAINTIFF suffered as a result of being **discriminated

against, sexually harassed, and subjected to an ongoing and continuous hostile work

environment** by his employer solely due to his **sex/gender (male), sexual orientation,**

and **disabilities, whether actual and/or perceived**, and in retaliation for engaging in protected activity.

2.    At all times relevant, PLAINTIFF was employed as a "Team Member" at DEFENDANT PLANET FITNESS located at 208 West 125th Street, New York, New York 10027, where the discriminatory conduct took place**.**

3.    Throughout PLAINTIFF'S employment with DEFENDANT PLANET FITNESS, DEFENDANT "GAVIN DOE" subjected PLAINTIFF to continuous and systematic *quid pro quo* sexual harassment and a sexually hostile work environment.

4.    DEFENDANT "GAVIN DOE" repeatedly subjected PLAINTIFF to unwanted and unwelcomed comments, touching, and other conduct including but not limited to: grabbing PLAINTIFF'S crotch, propositioning PLAINTIFF for sex, slapping PLAINTIFF'S buttocks, and other unlawful workplace conduct.

5.    PLAINTIFF rejected "GAVIN DOE'S" advances, comments, and gestures and complained to DEFENDANTS, YASMINA PEREZ, "ANAIDA DOE", and CARLOS TORRES, directly, about the unlawful behavior of DEFENDANT "GAVIN DOE."

6.    Once PLAINTIFF complained, PLANET FITNESS DEFENDANTS subjected him to continued retaliation and a hostile work environment which included wrongful reprimands, and adverse employment actions including but not limited to termination.

7.    In addition, during the course of PLAINTIFF'S employment, DEFENDANT PLANET FITNESS also subjected PLAINTIFF to unlawful discrimination based on his disabilities (Vision Impairment [Legally Blind], Anxiety, and Depression), whether actual and/or perceived.

8.    As a result of the above-alleged acts of PLANET FITNESS DEFENDANTS, which will

be outlined in detail below, PLAINTIFF asserts that he was **discriminated against, sexually harassed, and subjected to an ongoing and continuous hostile work environment** by his employer solely due to his **sex/gender**, **sexual orientation, disability, whether actual and/or perceived**, and in retaliation for engaging in protected activity.

## JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

9.  Jurisdiction of this Court is proper under 42 U.S.C. §2000e-5(f)(3), 42 U.S.C. §§ 12101, *et seq*., and 28 U.S.C. §§1331 and 1343.

10. The Court has supplemental jurisdiction over the claims that PLAINTIFF has brought under State and City law pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as one or more PLANET FITNESS DEFENDANTS reside within the Southern District of New York or the acts complained of occurred therein.

12. By: (a) timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 21, 2021; (b) receiving a Notice of Right to Sue from the EEOC on December 19, 2022; (c) commencing this action within 90 days of the issuance of the Notice of Right to Sue by the EEOC; and (d) contemporaneously with the filing of this Complaint, mailing copies thereof to the New York City Commission of Human Rights ("NYCCHR") and the Office of the Corporation Counsel of the City of New York pursuant to the notice requirements of § 8-502 of the New York City Administrative Code, PLAINTIFF has satisfied all of the procedural prerequisites for the commencement of the instant action.

13. A copy of the Notice of Right to Sue is annexed hereto as Exhibit A.

## PARTIES

14. **PLAINTIFF MARIAH MARYSE ("PLAINTIFF")** is a male and resides in New York, New York. At all times relevant, **PLAINTIFF** was employed at **PLANET FITNESS DEFENDANTS** as a "Team Member." PLAINTIFF identifies as Gay.

15. PLAINTIFF legally changed his first name from Sky to Mariah; memorialized in a Decree issued December 6th, 2022, by the Superior Court of California in the County of Los Angeles.

16. PLAINTIFF has disabilities including but not limited to a Vision Impairment (Legally Blind), as well as Anxiety and Depression.

17. **DEFENDANT PFNY LLC ("DEFENDANT PFNY")** is a domestic limited liability company that exists under the laws of the State of New York. Among other things, **DEFENDANT PFNY** operates gym and fitness facilities internationally. **DEFENDANT PFNY** employs fifteen or more employees. Upon information and belief, **DEFENDANT PFNY** owns and/or operates a location at 208 West 125th Street, New York, New York 10027, where the discriminatory conduct took place.

18. **DEFENDANT PF PAYROLL, LLC ("DEFENDANT PF PAYROLL")** is a domestic limited liability company that exists under the laws of the State of New York. Upon information and belief, **DEFENDANT PF PAYROLL** employs fifteen or more employees.

19. **DEFENDANTS, PFNY and PF PAYROLL** (hereinafter, together as "**DEFENDANT PLANET FITNESS**"), are "joint employers," and/or both employers of PLAINTIFF under the relevant statutes. The aforementioned **DEFENDANT PLANET FITNESS** shared personnel decisions, staff, management, personnel policies, personnel enforcement

measures, and/or other business relations.

20.     **DEFENDANT YASMINA PEREZ ("DEFENDANT PEREZ")** is/was a "General Manager" at the **DEFENDANT PLANET FITNESS'** location at issue. At all times, DEFENDANT PEREZ had the authority to hire, fire, and/or affect the terms and conditions of PLAINTIFF'S employment. **DEFENDANT PEREZ** is being sued herein in her individual and official capacities.

21.     **DEFENDANT "GAVIN DOE"** (Last Name Unknown) (hereinafter "DEFENDANT GAVIN**")** is/was a "Team Member" at the **DEFENDANT PLANET FITNESS'** location at issue. **DEFENDANT GAVIN** is being sued herein in his individual and official capacities.

22.     **DEFENDANT "ANAIDA DOE"** (Last Name Unknown) **("DEFENDANT ANAIDA")** is/was a "Manager in Training" at the **DEFENDANT PLANET FITNESS'** location at issue. At all times, **DEFENDANT ANAIDA** had the authority to hire, fire, and/or affect the terms and conditions of PLAINTIFF'S employment. **DEFENDANT ANAIDA** is being sued herein in her individual and official capacities.

23.     **DEFENDANT CARLOS TORRES ("DEFENDANT TORRES")** is/was a "Area Manager" at the **DEFENDANT PLANET FITNESS'** location at issue. At all times, **DEFENDANT TORRES** had the authority to hire, fire, and/or affect the terms and conditions of PLAINTIFF'S employment. **DEFENDANT TORRES** is being sued herein in his individual and official capacities.

24.     **DEFENDANTS, PEREZ, GAVIN, ANAIDA and TORRES**, are collectively referred to herein as **"INDIVIDUAL DEFENDANTS."**

25.     **DEFENDANTS, PLANET FITNESS, PEREZ, GAVIN, ANAIDA and TORRES**, are

collectively referred to herein as "**PLANET FITNESS DEFENDANTS**."

## <u>MATERIAL FACTS</u>

26. On or about April 19, 2021, PLAINTIFF began working for PLANET FITNESS DEFENDANTS as a "Team Member" earning $15.00 per hour and working approximately forty (40) hours per week.

27. Therefore, PLAINTIFF had an expected 2021 annual income of at least $31,200.00, not including any overtime PLAINTIFF could have made, as well as the value of any benefits he could have received while employed by DEFENDANT PLANET FITNESS.

28. At all times relevant, PLAINTIFF was an above-satisfactory worker and was qualified to perform the duties of his employment.

**Unlawful Sexual Harassment:**

29. Almost immediately after commencing PLAINTIFF'S employment, his work environment became permeated with discriminatory treatment toward PLAINTIFF based on his sex/gender (male) and sexual orientation (Gay).

30. In or around April 2021, DEFENDANT GAVIN began sexually harassing PLAINTIFF on the basis of his sex/gender (male) and sexual orientation.

31. Within a few days of commencing PLAINTIFF'S employment with PLANET FITNESS, DEFENDANT GAVIN began sexually harassing PLAINTIFF on an almost daily basis continuously until the end of his employment.

32. By way of a first example, throughout April and May 2021, DEFENDANT GAVIN told PLAINTIFF on multiple occasions, "***I want to suck your dick***."

33. By way of a second example, throughout April and May 2021, DEFENDANT GAVIN asked to see PLAINTIFF'S penis, asked what his penis size was, and what color his pubic

hairs were – asking if they were gold or blonde like the hair on PLAINTIFF'S head.

34.     By way of a third example, throughout April and May 2021, DEFENDANT GAVIN would repeatedly ask to touch PLAINTIFF'S crotch.

35.     By way of a fourth example, throughout April and May 2021, DEFENDANT GAVIN asked PLAINTIFF if he would have sex with DEFENDANT GAVIN.

36.     After each and every single one of these unlawful and unwanted instances, PLAINTIFF objected to DEFENDANT GAVIN'S unlawful conduct and repeatedly ask him to stop.

37.     PLAINTIFF would continue by telling DEFENDANT GAVIN that he was not interested in him sexually or otherwise.

38.     DEFENDANT GAVIN'S unlawful and unwanted conduct made PLAINTIFF feel unsafe, uncomfortable, helpless, anxious, and violated, as his pleadings to DEFENDANT GAVIN went ignored and DEFENDANT GAVIN'S conduct went unabated.

39.     In or around the week of May 17, 2021, PLAINTIFF finally reached his breaking point and complained to DEFENDANT ANAIDA about DEFENDANT GAVIN'S unlawful and unwanted sexual harassment.

40.     PLAINTIFF complained that he did not feel comfortable working with DEFENDANT GAVIN because DEFENDANT GAVIN was engaging in unwanted flirting with PLAINTIFF.

41.     DEFENDANT ANAIDA stated that she would speak with DEFENDANT PEREZ and that PLAINTIFF should do the same.

42.     Soon thereafter, PLAINTIFF spoke with DEFENDANT PEREZ and complained about DEFENDANT GAVIN'S unlawful and unwanted sexual harassment.

43.     DEFENDANT PEREZ stated that she would speak to more senior employees of

DEFENDANT PLANET FITNESS regarding PLAINTIFF'S complaint.

44.   Upon information and belief, DEFENDANT PEREZ did not speak to anyone and nothing was done because DEFENDANT GAVIN continued his unlawful and unwanted sexual harassment against PLAINTIFF.

45.   Then to make matters worse, within a week or so of PLAINTIFF'S complaint, DEFENDANT GAVIN told PLAINTIFF that if PLAINTIFF had sex with him, DEFENDANT GAVIN would pay PLAINTIFF or help get PLAINTIFF promoted at Planet Fitness.

46.   PLAINTIFF was humiliated and concerned that DEFENDANT GAVIN offered him money for sex as if he were a prostitute.

47.   DEFENDANT GAVIN engaged in *quid pro quo* sexual harassment and created a hostile work environment for PLAINTIFF.

48.   PLAINTIFF immediately rejected DEFENDANT GAVIN'S sexual proposition.

49.   On multiple occasions up to and including the time of PLAINTIFF'S unlawful termination, DEFENDANT GAVIN continued to ask for sexual favors and requests to see PLAINTIFF'S penis.

50.   Indeed, on multiple occasions up to and including the time of PLAINTIFF'S unlawful termination, DEFENDANT GAVIN continued to ask to see PLAINTIFF'S penis, what his penis size was, and what color his pubic hairs were – were they gold or blonde.

51.   Also, on multiple occasions up to and including the time of PLAINTIFF'S unlawful termination, DEFENDANT GAVIN continued to ask to touch PLAINTIFF'S crotch.

52.   On multiple occasions up to and including the time of PLAINTIFF'S unlawful termination, DEFENDANT GAVIN continued to ask PLAINTIFF for sex.

53.     In or around mid-June 2021, DEFENDANT GAVIN slapped PLAINTIFF'S buttocks, without consent, for his (DEFENDANT GAVIN'S) own sexual gratification.

54.     DEFENDANT GAVIN had no permission, consent or authorization to subject PLAINTIFF to unwanted sexual contact.

55.     Despite repeatedly complaining to DEFENDANT PEREZ since in or around mid-May 2021 and also complaining to DEFENDANT TORRES since in or around late-May 2021, DEFENDANT GAVIN'S unlawful conduct continued.

56.     On these occasions, PLAINTIFF would tell DEFENDANT PEREZ and/or DEFENDANT TORRES that he did not feel comfortable working certain shifts because of DEFENDANT GAVIN.

57.     PLAINTIFF also repeatedly requested shift and/or location changes as a means to get away from DEFENDANT GAVIN.

58.     Both DEFENDANT PEREZ and/or DEFENDANT TORRES, individually told PLAINTIFF that they would transfer him (PLAINTIFF) once they were able to hire his replacement.

59.     However, PLAINTIFF was never replaced and his requests went ignored.

60.     After May 27, 2021, PLAINTIFF followed up with DEFENDANT TORRES on multiple occasions about transferring.

61.     However, DEFENDANT TORRES ignored PLAINTIFF'S inquiries and did not respond.

62.     Despite complaining for the second time, DEFENDANT GAVIN'S unlawful and unwanted conduct continued.

63.     DEFENDANT GAVIN continued to slap PLAINTIFF'S buttocks, attempted to grab PLAINTIFF'S penis, and repeatedly asked PLAINTIFF what he was "into" (sexually).

64. PLAINTIFF continued to object to DEFENDANT GAVIN'S unlawful conduct.

65. DEFENDANT GAVIN'S unlawful and unwanted conduct made PLAINTIFF feel disgusting and uncomfortable.

66. Even worse, despite multiple complaints and PLAINTIFF'S objections, no one came to PLAINTIFF'S aide, including employees that were within the vicinity when DEFENDANT GAVIN would sexually harass PLAINTIFF.

67. At all times, DEFENDANTS PEREZ, GAVIN, ANAIDA and TORRES were aware of the sexually hostile work environment against PLAINTIFF and took no action to control or prevent same.

**Unlawful Disability Discrimination:**

68. Making matters worse, PLANET FITNESS DEFENDANTS also discriminated against PLAINTIFF as a result of his disability/disabilities (Vision Impairment [Legally Blind], Anxiety, and Depression).

69. At the inception of PLAINTIFF'S employment, PLAINTIFF informed PLANET FITNESS DEFENDANTS that he would need an accommodation for his vision, as well as his Anxiety and Depression.

70. PLAINTIFF specifically requested a larger font on the computers, being able to bring his face closer to the equipment, help with clocking in and out, and extra time to complete certain tasks due to his vision impairment.

71. PLAINTIFF also asked to take small breaks and to leave early, when necessary, to address his Anxiety and Depression.

72. PLANET FITNESS DEFENDANTS engaged in no interactive process or cooperative dialogue with PLAINTIFF as required under the laws herein.

73.  No reasonable accommodations were ever provided to PLAINTIFF.

74.  In fact, on occasion, PLAINTIFF was forced to sign-in in the "clock-in book," which would result in PLAINTIFF not being paid for all his hours.

75.  Approximately two weeks into his employment, in or around late-April 2021/early May 2021, PLAINTIFF complained to "Diamond Doe"(Last Name Unknown) (hereinafter "Diamond"), Manager, that there were no accommodations given for his vision impairment.

76.  Though multiple managers were placed on actual notice of PLAINTIFF disabilities and need for accommodations, still, no interactive processes or cooperative dialogues were afforded to PLAINTIFF and no accommodations were put into place for PLAINTIFF.

77.  Instead, PLAINTIFF was chastised for his disabilities as DEFENDANT PEREZ and other employees would often yell at and humiliate PLAINTIFF for needing help with clocking in and out.

78.  For example, on a number of occasions one of PLAINTIFF'S co-workers humiliated PLAINTIFF yelling, "***Are you blind? You can't do it yourself***?"

79.  PLAINTIFF, deeply offended, would respond, "***that's not funny***."

80.  PLAINTIFF attended weekly and bi-weekly medical appointments for his disabilities.

81.  After each appointment, PLAINTIFF would provide a doctor's note as proof of his appointment to DEFENDANT PEREZ and Diamond.

82.  In response, DEFENDANT PEREZ would often scold PLAINTIFF for being late to work, despite clear notice that PLAINTIFF attended a doctor's appointment to address his disabilities.

83.  DEFENDANT PEREZ would often tell PLAINTIFF that PLAINTIFF was

inconveniencing the team, that it was unacceptable to be late and that PLAINTIFF had no legitimate excuse to be late.

84. PLAINTIFF would respond that it was not fair and that he should have an excuse because he provided doctor's notes for each of the appointments.

85. PLAINTIFF also reminded DEFENDANT PEREZ that he would often notify her of those appointments either a day ahead or as late as three to four hours before his shift was set to start.

86. Again, despite knowing that PLAINTIFF needed a reasonable accommodation and was attending multiple ongoing medical appointments, DEFENDANT PEREZ continued to reprimand PLAINTIFF for same.

87. DEFENDANT PEREZ did not inform PLAINTIFF of PLANET FITNESS DEFENDANTS' reasonable accommodation policies nor did she refer PLAINTIFF to personnel or HR to address same.

88. In or around early May 2021, PLAINTIFF notified Diamond that he (PLAINTIFF) needed to have foot surgery.

89. Within a one to two weeks, PLAINTIFF was approved for the necessary time off to address his surgery.

90. After PLAINTIFF'S multiple complaints and requests for reasonable accommodations, PLAINTIFF began noticing that his hours were being cut all of a sudden, unlike his similarly-situated coworkers.

91. PLAINTIFF immediately asked DEFENDANT PEREZ and Diamond why his hours were being cut.

92. DEFENDANT PEREZ and Diamond told PLAINTIFF that was the only hours available.

93.    However, PLANET FITNESS DEFENDANTS' proffered excuse was pretextual as no other employees' hours or schedules were cut/reduced like PLAINTIFF'S.

94.    On or about June 13, 2021, PLAINTIFF spoke to DEFENDANT ANAIDA, who told PLAINTIFF that PLAINTIFF'S schedule was crossed out completely and that he needed to speak with DEFENDANT PEREZ.

95.    Soon thereafter, PLAINTIFF spoke to DEFENDANT PEREZ who told PLAINTIFF that he was being terminated.

96.    PLAINTIFF asked why he was being terminated.

97.    In response, DEFENDANT PEREZ said because PLAINTIFF missed an extra shift that PLAINTIFF was supposed to cover.

98.    PLAINTIFF explained that she (DEFENDANT PEREZ) knew that PLAINTIFF had transportation issues that day and that PLAINTIFF properly called out under the policies. Yet, DEFENDANT PEREZ unfairly terminated PLAINTIFF.

99.    DEFENDANTS did not treat PLAINTIFF'S similarly-situated coworkers in this manner and did not terminate PLAINTIFF'S coworkers for missing one shift (with a proper callout).

100.    PLANET FITNESS DEFENDANTS retaliated against PLAINTIFF for resisting and complaining about DEFENDANT GAVIN'S sexual harassment, as well as for requesting reasonable accommodations for his disability/disabilities, whether actual and/or perceived.

101.    PLANET FITNESS DEFENDANTS' reason for termination was pre-textual.

102.    PLANET FITNESS DEFENDANTS had no good faith basis for any actions taken against PLAINTIFF, as alleged above.

**Discrimination/Retaliation in a Place of Public Accommodation:**

103.   On or about June 30, 2021, adding insult to injury, PLAINTIFF tried going to a PLANET FITNESS location at 495 Flatbush Avenue, Brooklyn, New York 11225.

104.   PLAINTIFF asked Julius (Last Name Unknown) ("Julius"), Crew Member, if he (PLAINTIFF) could go workout.

105.   Julius told PLAINTIFF no and provided no explanation.

106.   In response, PLAINTIFF asked Julius to walk PLAINTIFF through for a free membership.

107.   Julius rudely told PLAINTIFF to Google it.

108.   Knowing the procedures, PLAINTIFF simply replied that he (Julius) could sign PLAINTIFF up on the computer right there on the spot.

109.   PLAINTIFF then proceeded to walk towards the workout area.

110.   Out of nowhere, Julius approached PLAINTIFF and physically pulled PLAINTIFF away from the equipment, injuring PLAINTIFF in the process.

111.   Later that day, Jessica Manfredi ("Ms. Manfredi"), Area Manager, called PLAINTIFF and told PLAINTIFF that he was not supposed to be at that location and that there would be an investigation.

112.   Ms. Manfredi continued that PLAINTIFF was blacklisted companywide from working out at any of the locations because PLAINTIFF (allegedly) violated DEFENDANT PLANET FITNESS' policy (the time and attendance policy that led to his termination).

113.   Soon thereafter, Yaramyah (Last Name Unknown) ("Yaramyah"), Manager, told PLAINTIFF that he (PLAINTIFF) was not supposed to be there and that PLAINTIFF'S membership was cancelled and that he (PLAINTIFF) could not sign up for a membership at that location.

114.    Later that day, PLAINTIFF went to another location to try and sign up for a membership.

115.    However, Ms. Manfredi then called PLAINTIFF and told him that he could not go to any of DEFENDANT PLANET FITNESS' gyms and that she would do an investigation.

116.    As of the date of this Complaint, PLAINTIFF has not been notified about the result of the investigation (if any).

117.    PLAINTIFF was being excluded from the DEFENDANT PLANET FITNESS facility, a place of public accommodation, in retaliation for his complaint of sexual harassment, sex/gender discrimination, sexual orientation discrimination, disability discrimination, whether actual and/or perceived, and/or retaliation.

118.    No such exclusion of PLAINTIFF from this DEFENDANT PLANET FITNESS location ever took place before PLAINTIFF complained about sexual harassment, sex/gender discrimination, sexual orientation discrimination, disability discrimination.

119.    PLAINTIFF'S privileges were never interfered with or taken away before he complained about sexual harassment, sex/gender discrimination, sexual orientation discrimination, disability discrimination.

120.    PLANET FITNESS DEFENDANTS had no good faith business justification for excluding PLAINTIFF from their facilities.

121.    But for PLAINTIFF'S complaint of sexual harassment, sex/gender discrimination, sexual orientation discrimination, disability discrimination, PLAINTIFF would not have been excluded from this DEFENDANT PLANET FITNESS' facility/location.

122.    By excluding PLAINTIFF from the DEFENDANT PLANET FITNESS facility, PLANET FITNESS DEFENDANTS supported, condoned, ratified, and furthered the retaliation against PLAINTIFF, which continued after PLAINTIFF was wrongfully terminated.

123.   PLAINTIFF left DEFENDANT PLANET FITNESS under orders from PLANET FITNESS DEFENDANTS that he can never return to DEFENDANT PLANET FITNESS, not even as a customer.

124.   PLANET FITNESS DEFENDANTS had no good faith or lawful reason to ban PLAINTIFF from DEFENDANT PLANET FITNESS facilities – <u>places of public accommodation</u>.

125.   PLANET FITNESS DEFENDANTS wrongfully banned PLAINTIFF from a publicly-used facility and place of public accommodation in further retaliation for engaging in protected activity and in further violation of Federal, State, and City Laws.

126.   But for PLAINTIFF'S complaint of sexual harassment, sex/gender discrimination, sexual orientation discrimination, disability discrimination, PLAINTIFF would not have been wrongfully banned and excluded from DEFENDANT PLANET FITNESS.

127.   PLAINTIFF was banned from DEFENDANT PLANET FITNESS in further retaliation for engaging in protected activity and for complaining about sexual harassment.

128.   PLANET FITNESS DEFENDANTS sexually harassed PLAINTIFF and then immediately retaliated against him once he complained, terminated his employment for pretextual reasons.

129.   PLANET FITNESS DEFENDANTS continue to retaliate against PLAINTIFF by not allowing him to use the gym facilities.

130.   DEFENDANT PLANET FITNESS is complicit in, and supported the unlawful, unreasonable, discriminatory actions of their manager/supervisor DEFENDANTS, PEREZ, ANAIDA and TORRES – to the detriment of PLAINTIFF.

131.   PLAINTIFF was subjected to a sexually and gender-based hostile work environment that

was permeated with discriminatory ridicule, insults, sexual harassment, sexual gestures, inappropriate comments, and retaliation.

132. PLAINTIFF was subjected to a disability-based hostile work environment that was permeated with discriminatory ridicule, insults, inappropriate comments, and retaliation.

133. All of PLANET FITNESS DEFENDANTS' actions and conduct toward PLAINTIFF alleged herein were unwanted, unwelcomed.

134. **PLANET FITNESS DEFENDANTS' actions against PLAINTIFF were a <u>continuing violation</u> of PLAINTIFF'S rights.**

135. Upon information and belief, PLANET FITNESS DEFENDANTS had an anti-discrimination policy in place.

136. PLANET FITNESS DEFENDANTS, particularly managers, had a duty/obligation to report and prevent sexual harassment and discrimination in the workplace.

137. INDIVIDUAL DEFENDANTS were not adequately trained or counseled on the prevention of discrimination in the workplace.

138. PLANET FITNESS DEFENDANTS had a duty to take and investigate complaints of discrimination pursuant to a written policy, or custom or practice.

139. PLANET FITNESS DEFENDANTS had a duty to prevent retaliation and further discrimination against employees (such as PLAINTIFF) pursuant to a written policy, procedure, custom or practice.

140. Managers, who were aware and had actual or constructive notice of DEFENDANT GAVIN'S conduct, did nothing to stop his conduct.

141. Managers, aware of DEFENDANT GAVIN'S physical and verbal harassment against PLAINTIFF, allowed DEFENDANT GAVIN to continue to violate PLAINTIFF with

impunity.

142. PLAINTIFF'S complaints were all futile and not taken seriously. Instead, PLAINTIFF was deemed a nuisance and was removed from his employment.

143. PLANET FITNESS DEFENDANTS preferred DEFENDANT GAVIN'S presence over PLAINTIFF'S right to bodily integrity and physical safety.

144. PLANET FITNESS DEFENDANTS, their employees, managers, supervisors, and employees willfully ignored the sexual harassment of PLAINTIFF, as well as their own purported policies - to the detriment of PLAINTIFF.

145. PLANET FITNESS DEFENDANTS, their employees, managers, supervisors, and employees willfully ignored PLAINTIFF'S complaints of discrimination and/or retaliation, as well as their own purported policies - to the detriment of PLAINTIFF.

146. PLANET FITNESS DEFENDANTS failed to reasonably investigate PLAINTIFF'S complaints of discrimination and failed to take action to address the sexually hostile work environment.

147. PLANET FITNESS DEFENDANTS failed to reasonably investigate PLAINTIFF'S complaints of discrimination and failed to take action to address the discriminatory hostile work environment and/or the retaliatory hostile work environment.

148. PLAINTIFF'S complaints were all futile and not taken seriously. Instead, PLAINTIFF was deemed a nuisance and was removed from his employment.

149. INDIVIDUAL DEFENDANTS had no good faith business justification for any of their actions against PLAINTIFF as alleged herein.

150. **PLANET FITNESS DEFENDANT'S conduct constituted a _continuing violation_ under Federal, State, and City Laws.**

151. PLAINTIFF was subjected to a hostile retaliatory work environment, which was permeated with discriminatory animus, ridicule, humiliation, threats against employment, increased scrutiny, differential treatment and termination (among other things).

152. PLANET FITNESS DEFENDANTS were aware of their legal duty and obligation to engage in an interactive process and to assess PLAINTIFF'S need for accommodations when PLAINTIFF placed PLANET FITNESS DEFENDANTS on notice of his medical need/perceived disability.

153. Though PLAINTIFF was granted a reasonable accommodation by PLANET FITNESS DEFENDANTS for surgery, INDIVIDUAL DEFENDANTS retaliated against PLAINTIFF and subjected PLAINTIFF to a hostile retaliatory work environment as a result.

154. PLANET FITNESS DEFENDANTS had no good faith business justification for terminating PLAINTIFF'S employment; for refusing to investigate his complaints; or for retaliating against PLAINTIFF in the manner described herein.

155. PLAINTIFF was callously removed from his employment for discriminatory and retaliatory reasons after PLAINTIFF engaged in protected activity.

156. Causation between PLAINTIFF'S request(s) for reasonable accommodations, his complaints, and then his wrongful termination is clear and absolute herein.

157. To make matters worse, PLANET FITNESS DEFENDANTS terminated PLAINTIFF'S employment at a time that they knew that PLAINTIFF needed his income and benefits in order to continue his medical treatments.

158. Thus, DEFENDANTS' actions against PLAINTIFF were designed to cause PLAINTIFF further emotional and physical harm.

159. As a result of the acts and conduct complained of herein, PLAINTIFF has suffered severe emotional distress, emotional pain, suffering, inconvenience, loss of enjoyment of life, loss of employment, loss of benefits, prolonged unemployment, loss of employment, humiliation, physical humiliation, physical injury, intimidation, special damages, fear, intimidation, anxiety, depression, anger, loss of employment opportunities, and other non-pecuniary losses.

160. PLANET FITNESS DEFENDANTS' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.

161. As such, PLAINTIFF demands Punitive Damages as against all PLANET FITNESS DEFENDANTS, jointly and severally.

### AS A FIRST CAUSE OF ACTION FOR *SEXUAL HARASSMENT and SEX/GENDER DISCRIMINATION* UNDER TITLE VII (*Against DEFENDANT PLANET FITNESS*)

162. PLAINTIFF repeats, reiterates, and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

163. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq*., for relief based upon the unlawful employment practices of the above-named DEFENDANT PLANET FITNESS. PLAINTIFF complains of PLANET FITNESS DEFENDANTS' violation of Title VII's prohibition against discrimination in employment-based, in whole or in part, upon an employee's sex/gender and sexual orientation.

164. PLANET FITNESS DEFENDANTS engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq*., by discriminating against PLAINTIFF because of his sex/gender (Male) and sexual orientation (Homosexual).

165. INDIVIDUAL DEFENDANTS utilized their position/status as managers, supervisors, representatives, and/or agents of DEFENDANT PLANET FITNESS' to subject PLAINTIFF to *inter alia,* sexual harassment in that DEFENDANT GAVIN subjected PLAINTIFF to unwanted sexual comments, advances, propositioning, flirting, discrimination, humiliation, and an otherwise uncomfortable sexually hostile work environment, and DEFENDANTS, PEREZ, GAVIN, ANAIDA and TORRES, acquiesced to same.

166. INDIVIDUAL DEFENDANTS utilized their position/status as managers, supervisors, representatives, and/or agents of DEFENDANT PLANET FITNESS' to subject PLAINTIFF to *inter alia,* sex/gender, and sexual orientation discrimination, in that DEFENDANT GAVIN subjected PLAINTIFF to unwanted sexual comments, advances, propositioning, flirting, discrimination, humiliation, and an otherwise uncomfortable sexually hostile work environment, and DEFENDANTS, PEREZ, GAVIN, ANAIDA and TORRES, acquiesced to same.

167. At all times, DEFENDANT GAVIN was PLAINTIFF'S co-worker and knew or should have known that his actions were inappropriate, violated the policy, and violated PLAINTIFF'S individual rights and bodily integrity.

168. When PLAINTIFF engaged in protected activity, refused DEFENDANT GAVIN'S advances and complained to him and DEFENDANTS, PEREZ, GAVIN, ANAIDA and TORRES, about the fact that DEFENDANT GAVIN was violating PLAINTIFF, PLANET FITNESS DEFENDANTS began to retaliate against PLAINTIFF and subjected PLAINTIFF to further hostile work environment.

169. PLAINTIFF'S work environment became hostile and was permeated with discrimination,

ridicule, insult, sexual harassment, and other discriminatory acts, ultimately resulting in the termination of his employment (*i.e.* adverse employment actions).

170.   PLANET FITNESS DEFENDANTS had no good faith business justification for their collective and individual actions against PLAINTIFF.

171.   PLANET FITNESS DEFENDANTS' actions were a continuing violation.

172.   As a result of PLANET FITNESS DEFENDANTS' discriminatory treatment of PLAINTIFF, he has suffered severe emotional distress, emotional pain, suffering, inconvenience, loss of enjoyment of life, loss of employment, loss of benefits, prolonged unemployment, loss of employment, humiliation, physical humiliation, physical injury, intimidation, special damages, fear, intimidation, anxiety, depression, anger, loss of employment opportunities, and other non-pecuniary losses.

173.   PLAINTIFF is entitled to the maximum amount allowable under this law.

### AS A SECOND CAUSE OF ACTION FOR *RETALIATION* UNDER TITLE VII (*Against DEFENDANT PLANET FITNESS*)

174.   PLAINTIFF repeats, reiterates, and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

175.   Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> (1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

176.   PLANET FITNESS DEFENDANTS violated the section as set forth herein.

177.   PLAINTIFF engaged in protected activity when he refused DEFENDANT GAVIN'S

sexual advances and told DEFENDANT GAVIN to stop his sexually offensive conduct toward him.

178.   PLAINTIFF engaged in protected activity when he complained to his managers, supervisors, and coworkers, including DEFENDANTS, PEREZ, GAVIN, ANAIDA and TORRES.

179.   PLAINTIFF'S complaints were futile and PLAINTIFF suffered adverse employment actions.

180.   In response, DEFENDANT GAVIN subjected PLAINTIFF to adverse employment actions, humiliation, and other retaliatory conduct.

181.   PLANET FITNESS DEFENDANTS had no good faith justification for their actions/conduct against PLAINTIFF.

182.   PLANET FITNESS DEFENDANTS' actions were a continuing violation.

183.   As DEFENDANTS, PEREZ, ANAIDA and TORRES, were PLAINTIFF'S supervisor, DEFENDANT PLANET FITNESS is strictly liable for their knowledge of DEFENDANT GAVIN'S sexual harassment of PLAINTIFF, and DEFENDANTS, PEREZ, ANAIDA and TORRES, acquiesced to same.

184.   As DEFENDANTS, PEREZ, ANAIDA and TORRES, were PLAINTIFF'S supervisor, DEFENDANT PLANET FITNESS is strictly liable for their knowledge of DEFENDANT GAVIN'S sex/gender and sexual orientation discrimination of PLAINTIFF, and DEFENDANTS, PEREZ, ANAIDA and TORRES, acquiesced to same.

185.   PLANET FITNESS DEFENDANTS, collectively and/or individually, ignored PLAINTIFF'S concerns and continued to subject PLAINTIFF to a hostile work environment; and retaliated against PLAINTIFF for continuing to refuse DEFENDANT

GAVIN'S sexual advances; subjected PLAINTIFF to verbal abuse and intimidation; and other adverse employment actions.

186.   As a result of PLANET FITNESS DEFENDANTS' discriminatory treatment of PLAINTIFF, he has suffered severe emotional distress.

187.   As a result of PLANET FITNESS DEFENDANTS' discriminatory treatment of PLAINTIFF, he has suffered severe emotional distress, emotional pain, suffering, inconvenience, loss of enjoyment of life, loss of employment, loss of benefits, prolonged unemployment, loss of employment, humiliation, physical humiliation, physical injury, intimidation, special damages, fear, intimidation, anxiety, depression, anger, loss of employment opportunities, and other non-pecuniary losses.

188.   PLAINTIFF is entitled to the maximum amount allowable under this law.

**AS A *THIRD* CAUSE OF ACTION FOR *DISCRIMINATION*
UNDER THE AMERICANS WITH DISABILITIES ACT
(*Against DEFENDANT PLANET FITNESS*)**

189.   PLAINTIFF repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

190.   PLAINTIFF asserts that DEFENDANT PLANET FITNESS violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336), as amended.

191.   Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states:

> (a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

192.   PLAINTIFF suffered from a Vision Impairment [Legally Blind], Anxiety, and Depression,

which are disabilities.

193. DEFENDANT PLANET FITNESS knew and/or perceived PLAINTIFF as having a disability, which required a reasonable accommodation.

194. PLAINTIFF would have been able to complete the duties of his job with a proper reasonable accommodation.

195. But for PLAINTIFF'S disabilities, whether actual and/or perceived, and/or need for a reasonable accommodation, DEFENDANT PLANET FITNESS would not have wrongfully demoted, disciplined, and then terminated his employment.

196. DEFENDANT PLANET FITNESS had no good-faith business justification for their actions against PLAINTIFF.

197. DEFENDANT PLANET FITNESS engaged in an unlawful discriminatory practice by refusing to accommodate PLAINTIFF.

198. DEFENDANT PLANET FITNESS engaged in an unlawful discriminatory practice by terminating PLAINTIFF because of his disabilities, whether actual and/or perceived.

199. DEFENDANT PLANET FITNESS failed/refused to engage in any interactive process to determine how PLAINTIFF could be accommodated.

200. DEFENDANT PLANET FITNESS supported, condoned, and ratified the unlawful discriminatory conduct of its officers, directors, representatives when it wrongfully terminated PLAINTIFF.

201. As a result of the acts and conduct complained of herein, PLAINTIFF suffered a loss of income, loss of employment, loss of benefits, the loss of a salary/pay, loss of employment opportunities, inconvenience, special damages, loss of other compensation which such employment entails, and PLAINTIFF has also suffered future pecuniary losses, emotional

pain, suffering, inconvenience, humiliation, embarrassment, loss of enjoyment of life and other non-pecuniary losses.

202.   PLAINTIFF has further experienced severe emotional and physical distress.

203.   As such, PLAINTIFF has been damaged as set forth herein and is entitled to the maximum award of damages under this law.

### AS A *FOURTH* CAUSE OF ACTION FOR *RETALIATION* UNDER THE AMERICANS WITH DISABILITIES ACT (*Against DEFENDANT PLANET FITNESS*)

204.   PLAINTIFF repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

205.   The ADA prohibits retaliation, interference, coercion, or intimidation against an employee, who engages in protected activity.

206.   42 U.S.C. § 12203 provides:

> Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by the chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or shearing under the chapter.

> Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the chapter.

207.   DEFENDANT PLANET FITNESS violated the section as set forth herein.

208.   DEFENDANT PLANET FITNESS was on notice of PLAINTIFF'S disabilities, whether actual and/or perceived.

209.   PLAINTIFF advised DEFENDANT PLANET FITNESS about his disability and requested a reasonable accommodation.

210. PLAINTIFF engaged in protected activity by informing DEFENDANT PLANET FITNESS of his medical condition and need for a reasonable accommodation.

211. DEFENDANT PLANET FITNESS was on notice that a reasonable accommodation should be made for PLAINTIFF.

212. On several occasions, PLAINTIFF also complained about discrimination, retaliation, and a hostile work environment.

213. However, DEFENDANT PLANET FITNESS did not engage in any interactive process to determine how they could accommodate PLAINTIFF.

214. DEFENDANT PLANET FITNESS retaliated against PLAINTIFF by terminating his employment due to his disabilities, whether actual and/or perceived, and engagement in protected activities.

215. PLAINTIFF was subjected to a hostile retaliatory work environment, which was permeated with discriminatory animus, ridicule, humiliation, threat against employment, unreasonable disciplines, increased scrutiny, summary demotions, differential treatment and termination (among other things).

216. DEFENDANT PLANET FITNESS engaged in an unlawful discriminatory practice by refusing to engage in any interactive process to determine how they could accommodate PLAINTIFF.

217. As such, PLAINTIFF has been damaged as set forth herein and is entitled to the maximum award of damages under this law.

218. Employer, DEFENDANT PLANET FITNESS, supported, condoned, and ratified the unlawful discriminatory conduct of its officers, directors, representatives.

219. As a result of the acts and conduct complained of herein, PLAINTIFF suffered a loss of

income, loss of employment, loss of benefits, the loss of a salary/pay, loss of employment opportunities, inconvenience, special damages, loss of other compensation which such employment entails, and PLAINTIFF has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, humiliation, embarrassment, loss of enjoyment of life and other non-pecuniary losses.

220. PLAINTIFF has further experienced severe emotional and physical distress.

221. As such, PLAINTIFF has been damaged as set forth herein and is entitled to the maximum award of damages under this law.

### AS A *FIFTH* CAUSE OF ACTION FOR *DISCRIMINATION BASED ON SEX/GENDER, SEXUAL ORIENTATION, and DISABILITY* <u>UNDER THE NEW YORK STATE HUMAN RIGHTS LAW</u>

222. PLAINTIFF repeats, reiterates, and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

223. <u>New York State Executive Law</u> § 296 provides that, "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's . . . sex…to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

224. <u>New York State Executive Law</u> § 296 provides that, *inter alia*: "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's. . . disability . . . to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

225. PLAINTIFF suffers from a Vision Impairment [Legally Blind], Anxiety, and Depression, which are actual disabilities.

226. PLANET FITNESS DEFENDANTS perceived PLAINTIFF as having disabilities,

whether actual and/or perceived, and needing a reasonable accommodation.

227. But for PLAINTIFF'S disabilities, whether actual and/or perceived, and/or need for a reasonable accommodation, and repeated complaints, PLANET FITNESS DEFENDANTS would not have terminated his employment.

228. PLANET FITNESS DEFENDANTS had no good-faith business justification to terminate PLAINTIFF.

229. PLANET FITNESS DEFENDANTS have engaged in an unlawful discriminatory practice by discriminating against PLAINTIFF because of his sex/gender and sexual orientation and for allowing a work environment to exist wherein PLAINTIFF was subjected to a hostile work environment as a result of his sex/gender and sexual orientation.

230. PLANET FITNESS DEFENDANTS have engaged in an unlawful discriminatory practice by discriminating against PLAINTIFF because of his disability/disabilities, whether actual and/or perceived, and for allowing a work environment to exist wherein PLAINTIFF was subjected to a hostile work environment as a result of his disability/disabilities, whether actual and/or perceived.

231. Manager/supervisor INDIVIDUAL DEFENDANTS, utilized their position/stature as Managers, supervisors, representatives, and/or agents of DEFENDANT PLANET FITNESS to subject PLAINTIFF to *inter alia,* sexual harassment, sex/gender discrimination, sexual orientation discrimination, and/or condoning DEFENDANT GAVIN'S sexual harassment, in that DEFENDANTS, PEREZ, GAVIN, ANAIDA and TORRES, subjected PLAINTIFF to unwanted sexual comments, advances, propositioning, flirting, and otherwise an uncomfortable sexually hostile work environment.

232. Manager/supervisor INDIVIDUAL DEFENDANTS, utilized their position/stature as

Managers, supervisors, representatives, and/or agents of DEFENDANT PLANET FITNESS to subject PLAINTIFF to *inter alia,* disability discrimination (whether actual and/or perceived) in that DEFENDANTS, PEREZ, GAVIN, ANAIDA and TORRES, subjected PLAINTIFF to unwanted sexual comments, advances, propositioning, flirting, and otherwise an uncomfortable sexually hostile work environment.

233. PLANET FITNESS DEFENDANTS engaged in an unlawful discriminatory practice by refusing to accommodate PLAINTIFF.

234. PLANET FITNESS DEFENDANTS engaged in an unlawful discriminatory practice by terminating PLAINTIFF because of his disabilities, whether actual and/or perceived.

235. PLANET FITNESS DEFENDANTS engaged in an unlawful discriminatory practice by failing to accommodate PLAINTIFF by giving him a reasonable accommodation to address his Vision Impairment [Legally Blind], Anxiety, and Depression.

236. PLANET FITNESS DEFENDANTS engaged in unlawful discriminatory practice by failing to engage in any interactive process with PLAINTIFF.

237. But for PLAINTIFF'S disability, perceived disability, and/or need for a reasonable accommodation, PLANET FITNESS DEFENDANTS would not have terminated his employment.

238. At all times, Manager/supervisor DEFENDANTS, PEREZ, ANAIDA and TORRES, were PLAINTIFF'S supervisor and knew or should have known that their actions were inappropriate, violated the policy, and violated PLAINTIFF'S individual rights.

239. Manager/supervisor DEFENDANTS, PEREZ, ANAIDA and TORRES, ignored their status over PLAINTIFF and continued to subject PLAINTIFF to unwanted discriminatory and/or retaliatory conduct.

240. When PLAINTIFF engaged in protected activity, refused DEFENDANT GAVIN'S advances and complained to him and DEFENDANTS, PEREZ, GAVIN, ANAIDA and TORRES, about the fact that DEFENDANT GAVIN was violating PLAINTIFF, PLANET FITNESS DEFENDANTS began to retaliate against PLAINTIFF and subjected PLAINTIFF to further hostile work environment.

241. PLAINTIFF'S environment was permeated with discrimination, ridicule, insult, sexual harassment, and other discriminatory acts, ultimately resulting in the termination of his employment.

242. PLANET FITNESS DEFENDANTS, collectively and/or individually, ignored PLAINTIFF'S concerns and began to subject PLAINTIFF to a hostile work environment; retaliated against PLAINTIFF for engaging in protected activity.

243. PLANET FITNESS DEFENDANTS had no good faith justification for their actions/conduct against PLAINTIFF.

244. PLANET FITNESS DEFENDANTS' actions were a continuing violation.

245. As a result of PLANET FITNESS DEFENDANTS' discriminatory treatment of PLAINTIFF, he has suffered severe emotional distress.

246. As a result of PLANET FITNESS DEFENDANTS' discriminatory treatment of PLAINTIFF, he has suffered severe emotional distress, emotional pain, suffering, inconvenience, loss of enjoyment of life, loss of employment, loss of benefits, prolonged unemployment, loss of employment, humiliation, physical humiliation, physical injury, intimidation, special damages, fear, intimidation, anxiety, depression, anger, loss of employment opportunities, and other non-pecuniary losses.

247. PLAINTIFF is entitled to the maximum amount allowable under this law.

## AS A *SIXTH* CAUSE OF ACTION FOR *RETALIATION*
## UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

248.  PLAINTIFF repeats, reiterates, and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

249.  New York State Executive Law § 296 provides that, *inter alia*:

> 7.  It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article.

250.  PLANET FITNESS DEFENDANTS violated the section as set forth herein.

251.  PLANET FITNESS DEFENDANTS were on notice of PLAINTIFF'S disabilities.

252.  PLAINTIFF advised PLANET FITNESS DEFENDANTS about his disability and/or PLANET FITNESS DEFENDANTS perceived PLAINTIFF as having a disability, and made a request for a reasonable accommodation.

253.  PLAINTIFF engaged in protected activity by informing PLANET FITNESS DEFENDANTS of his disabilities, requesting a reasonable accommodation, and by making a complaint of discrimination.

254.  PLANET FITNESS DEFENDANTS were on notice that a reasonable accommodation should have been made for PLAINTIFF.

255.  However, PLANET FITNESS DEFENDANTS did not make any reasonable accommodation for PLAINTIFF nor did they engage in any interactive process to determine how they could accommodate PLAINTIFF.

256.  PLANET FITNESS DEFENDANTS retaliated against PLAINTIFF by terminating his employment due to his disabilities, whether actual and/or perceived, and engagement in protected activities.

257.   PLANET FITNESS DEFENDANTS engaged in an unlawful discriminatory practice by retaliating and otherwise discriminating against PLAINTIFF because of PLAINTIFF'S opposition to the unlawful employment practices of PLAINTIFF'S employer.

258.   PLAINTIFF was retaliated against by PLANET FITNESS DEFENDANTS for engaging in protected activity.

259.   PLANET FITNESS DEFENDANTS have engaged in an unlawful discriminatory practice by discriminating against PLAINTIFF because of his gender/sex, and sexual orientation, and for allowing a work environment to exist wherein PLAINTIFF was subjected to a hostile work environment as a result of his gender/sex and sexual orientation.

260.   PLANET FITNESS DEFENDANTS have engaged in an unlawful discriminatory practice by discriminating against PLAINTIFF because of his disability/disabilities, whether actual and/or perceived, and for allowing a work environment to exist wherein PLAINTIFF was subjected to a hostile work environment as a result of his disability/disabilities, whether actual and/or perceived.

261.   PLANET FITNESS DEFENDANTS engaged in an unlawful discriminatory practice by refusing to accommodate PLAINTIFF knowing that he suffered from disabilities, whether actual and/or perceived.

262.   PLAINTIFF engaged in protected activity when he refused DEFENDANT GAVIN'S sexual advances and told DEFENDANT GAVIN to stop his sexually offensive conduct toward him and when he complained to DEFENDANTS, PEREZ, GAVIN, ANAIDA and TORRES.

263.   PLAINTIFF engaged in protected activity when he requested a reasonable accommodation to address his disability/disabilities, whether actual and/or perceived, and when he

complained to DEFENDANTS, PEREZ, GAVIN, ANAIDA and TORRES,.

264. As DEFENDANTS, PEREZ, ANAIDA and TORRES, were PLAINTIFF'S supervisors, DEFENDANT PLANET FITNESS is liable for their knowledge of DEFENDANT GAVIN'S sexual harassment of PLAINTIFF, and DEFENDANTS, PEREZ, ANAIDA and TORRES, acquiesced to same.

265. PLANET FITNESS DEFENDANTS, collectively and/or individually, ignored PLAINTIFF'S concerns and continued to subject PLAINTIFF to a hostile work environment; retaliated against PLAINTIFF for continuing to refuse DEFENDANT GAVIN'S sexual advances; subjected PLAINTIFF to verbal abuse and intimidation; termination; and other adverse employment actions.

266. PLANET FITNESS DEFENDANTS had no good faith justification for their actions/conduct against PLAINTIFF.

267. PLANET FITNESS DEFENDANTS' actions were a continuing violation.

268. PLANET FITNESS DEFENDANTS, collectively and/or individually, ignored PLAINTIFF concerns and began to subject PLAINTIFF to a hostile work environment; retaliated against PLAINTIFF for engaging in protected activity.

269. Employer, DEFENDANT PLANET FITNESS, supported, condoned, and ratified the unlawful discriminatory conduct of its officers, directors, representatives.

270. PLAINTIFF was subjected to a hostile retaliatory work environment, which was permeated with discriminatory animus, ridicule, humiliation, threat against employment, unreasonable disciplines, increased scrutiny, summary demotions, negative performance evaluations, and termination (among other things).

271. As a result of PLANET FITNESS DEFENDANTS' discriminatory/retaliatory treatment of

PLAINTIFF, he has suffered severe emotional distress.

272.   As a result of PLANET FITNESS DEFENDANTS' discriminatory treatment of PLAINTIFF, he has suffered severe emotional distress, emotional pain, suffering, inconvenience, loss of enjoyment of life, loss of employment, loss of benefits, prolonged unemployment, loss of employment, humiliation, physical humiliation, physical injury, intimidation, special damages, fear, intimidation, anxiety, depression, anger, loss of employment opportunities, and other non-pecuniary losses.

273.   As such, PLAINTIFF has been damaged as set forth herein and is entitled to the maximum award of damages under this law.

## AS A *SEVENTH* CAUSE OF ACTION FOR DISCRIMINATION *(Individual Liability)* UNDER THE NEW YORK STATE HUMAN RIGHTS LAW *(Against INDIVIDUAL DEFENDANTS)*

274.   PLAINTIFF repeats, reiterates, and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

275.   New York State Executive Law § 296(6) provides that it shall be an unlawful discriminatory practice: "For any person to **aid, abet**, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

276.   INDIVIDUAL DEFENDANTS engaged in an unlawful discriminatory practice in violation of New York State Executive Law § 296(6) by aiding, abetting, inciting, compelling, and coercing the discriminatory and retaliatory conduct.

277.   INDIVIDUAL DEFENDANTS are individually liable for their individual discriminatory and retaliatory actions against PLAINTIFF as alleged above.

278.   INDIVIDUAL DEFENDANTS herein utilized their position, stature, status, and authority as managers/supervisors to subject PLAINTIFF to unlawful discrimination, unlawful

termination, and retaliation, as alleged above.

279. At all times, INDIVIDUAL DEFENDANTS knew that DEFENDANT GAVIN'S conduct was unwelcomed, unwanted, and was making PLAINTIFF uncomfortable. Nevertheless, he persisted.

280. INDIVIDUAL DEFENDANTS were acting pursuant to their power, authority, and duties as managers of DEFENDANT PLANET FITNESS, and/or individuals with the power to influence those with same.

281. INDIVIDUAL DEFENDANTS, who each serve in management for DEFENDANT PLANET FITNESS and with knowledge of its policies, knew or should have known that their actions (or lack thereof) violated policies and rules, as well as PLAINTIFF'S individual rights.

282. INDIVIDUAL DEFENDANTS had no good faith business justification for their actions.

283. But for PLAINTIFF'S disabilities, whether actual and/or perceived, and/or need for an accommodation for medical purposes, INDIVIDUAL DEFENDANTS would not have terminated his employment.

284. PLANET FITNESS DEFENDANTS' actions were a continuing violation.

285. PLAINTIFF was subjected to a hostile retaliatory work environment, which was permeated with discriminatory animus, ridicule, humiliation, threat against employment, unreasonable disciplines, increased scrutiny, summary demotions, negative performance evaluations, and termination (among other things) by INDIVIDUAL DEFENDANTS.

286. INDIVIDUAL DEFENDANTS, each collectively and individually supported, condoned aided, and abetted the discriminatory and retaliatory conduct of their principal, DEFENDANT PLANET FITNESS, against PLAINTIFF.

287.  As a result of INDIVIDUAL DEFENDANTS' actions, PLAINTIFF was extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

288.  As a result of PLANET FITNESS DEFENDANTS' discriminatory/retaliatory treatment of PLAINTIFF, he has suffered severe emotional distress.

289.  As a result of PLANET FITNESS DEFENDANTS' discriminatory treatment of PLAINTIFF, he has suffered severe emotional distress, emotional pain, suffering, inconvenience, loss of enjoyment of life, loss of employment, loss of benefits, prolonged unemployment, loss of employment, humiliation, physical humiliation, physical injury, intimidation, special damages, fear, intimidation, anxiety, depression, anger, loss of employment opportunities, and other non-pecuniary losses.

290.  PLAINTIFF has further experienced severe emotional, mental and physical distress.

291.  As such, PLAINTIFF has been damaged as set forth herein and is entitled to the maximum award of damages under this law.

**AS A *EIGHTH* CAUSE OF ACTION FOR *DISCRIMINATION*
UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

292.  PLAINTIFF repeats, reiterates, and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

293.  The New York City Administrative Code § 8-107(1) provides that

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability and/or perceived disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

294.  PLAINTIFF suffers from a Vision Impairment [Legally Blind], Anxiety, and Depression,

which are actual disabilities.

295.   PLANET FITNESS DEFENDANTS perceived PLAINTIFF as having disabilities, whether actual and/or perceived, and needing a reasonable accommodation.

296.   But for PLAINTIFF'S disabilities, whether actual and/or perceived, and/or need for a reasonable accommodation, PLANET FITNESS DEFENDANTS would not have terminated his employment.

297.   PLANET FITNESS DEFENDANTS had no good-faith business justification to terminate PLAINTIFF.

298.   PLANET FITNESS DEFENDANTS engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(1)(a) by discriminating and/or retaliating against PLAINTIFF solely because of his gender/sex, and sexual orientation, and for allowing a work environment to exist wherein PLAINTIFF was subjected to a hostile work environment as a result of his gender/sex.

299.   PLANET FITNESS DEFENDANTS engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(1)(a) by discriminating and/or retaliating against PLAINTIFF solely because of his disability/disabilities, whether actual and/or perceived, and for allowing a work environment to exist wherein PLAINTIFF was subjected discriminatory conduct as a result of his disability/disabilities, whether actual and/or perceived.

300.   Managers INDIVIDUAL DEFENDANTS, utilized their position/status as Managers, supervisors, representatives, and agents of DEFENDANT PLANET FITNESS to subject PLAINTIFF to *inter alia,* sexual harassment, and/or condoning DEFENDANT GAVIN'S unlawful sexual harassment, in that INDIVIDUAL DEFENDANTS subjected PLAINTIFF

to unwanted sexual comments, advances, propositioning, flirting, and otherwise an uncomfortable sexually hostile work environment, and/or condoned the unlawful conduct.

301. Managers INDIVIDUAL DEFENDANTS, utilized their position/status as Managers, supervisors, representatives, and agents of DEFENDANT PLANET FITNESS to subject PLAINTIFF to *inter alia,* discrimination, retaliation, and/or condoned the unlawful conduct.

302. PLANET FITNESS DEFENDANTS engaged in an unlawful discriminatory practice by refusing to accommodate PLAINTIFF.

303. At all times, DEFENDANTS, PEREZ, ANAIDA and TORRES, were PLAINTIFF'S supervisors and knew or should have known that their actions were inappropriate, violated the policy, and violated PLAINTIFF'S individual rights.

304. INDIVIDUAL DEFENDANTS ignored their status over PLAINTIFF and continued to subject PLAINTIFF to unwanted sexual advances and inappropriate behavior.

305. When PLAINTIFF engaged in protected activity, refused DEFENDANT GAVIN'S advances and complained to him and DEFENDANTS, PEREZ, GAVIN, ANAIDA and TORRES, about the fact that DEFENDANT GAVIN was violating PLAINTIFF, PLANET FITNESS DEFENDANTS began to retaliate against PLAINTIFF and subjected PLAINTIFF to further hostile work environment which was so intolerable that it became impossible for PLAINTIFF to continue working at DEFENDANT PLANET FITNESS. PLAINTIFF'S environment was permeated with discrimination, ridicule, insult, sexual harassment, and other discriminatory acts, ultimately resulting in the termination of his employment.

306. PLANET FITNESS DEFENDANTS, collectively and/or individually, ignored

PLAINTIFF'S concerns and continued to subject PLAINTIFF to a hostile work environment; retaliated against PLAINTIFF for continuing to refuse DEFENDANT GAVIN'S sexual advances and *quid pro quo* discrimination; subjected PLAINTIFF to verbal abuse and intimidation; attempted termination; and other adverse employment actions

307.   PLANET FITNESS DEFENDANTS had no good faith business justification for his actions.

308.   PLANET FITNESS DEFENDANTS' actions were a continuing violation.

309.   DEFENDANT PLANET FITNESS is vicariously liable for the discriminatory, retaliatory, actions taken against PLAINTIFF as outlined above.

310.   At all times, DEFENDANT PLANET FITNESS was aware that its employees, managers, and Principals (including INDIVIDUAL DEFENDANTS) were subjecting PLAINTIFF to discrimination and retaliation due to his sex/gender.

311.   At all times, DEFENDANT PLANET FITNESS was aware that its employees, managers, and Principals (including INDIVIDUAL DEFENDANTS) were subjecting PLAINTIFF to discrimination and retaliation due to his disability/disabilities, whether actual and/or perceived.

312.   At all times, DEFENDANT PLANET FITNESS was aware of PLAINTIFF'S complaints and engagement in protected activity.

313.   At all times, DEFENDANT PLANET FITNESS was aware that its employees, agents, and representatives were violating DEFENDANT PLANET FITNESS' policies and procedures regarding discrimination and retaliation in the workplace.

314.   Yet, DEFENDANT PLANET FITNESS did nothing to protect PLAINTIFF and instead

supported, condoned, and ratified the conduct of its employees, agents, and representatives.

315. PLANET FITNESS DEFENDANTS engaged in an unlawful discriminatory practice by unreasonably disciplining, and terminating PLAINTIFF because of his disabilities, whether actual and/or perceived.

316. PLANET FITNESS DEFENDANTS engaged in an unlawful discriminatory practice by failing to accommodate PLAINTIFF by giving him a reasonable accommodation for his disability/disabilities.

317. PLANET FITNESS DEFENDANTS engaged in unlawful discriminatory practice by failing to engage in any interactive process with PLAINTIFF.

318. PLANET FITNESS DEFENDANTS were on notice that reasonable accommodations should be made for PLAINTIFF.

319. As a result of PLANET FITNESS DEFENDANTS' discriminatory treatment of PLAINTIFF, he has suffered severe emotional distress.

320. As a result of PLANET FITNESS DEFENDANTS' discriminatory treatment of PLAINTIFF, he has suffered severe emotional distress, emotional pain, suffering, inconvenience, loss of enjoyment of life, loss of employment, loss of benefits, prolonged unemployment, loss of employment, humiliation, physical humiliation, physical injury, intimidation, special damages, fear, intimidation, anxiety, depression, anger, loss of employment opportunities, and other non-pecuniary losses.

321. As such, PLAINTIFF has been damaged as set forth herein and is entitled to the maximum award of damages under this law.

## AS A *NINTH* CAUSE OF ACTION FOR *RETALIATION* UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

322. PLAINTIFF repeats, reiterates, and realleges each and every paragraph above as if said

paragraph was more fully set forth herein at length.

323. The <u>New York City Administrative Code</u> § 8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under the chapter. . ."

324. PLANET FITNESS DEFENDANTS engaged in an unlawful discriminatory practice in violation of <u>New York City Administrative Code</u> § 8-107(7) by discriminating against PLAINTIFF because of PLAINTIFF'S opposition to the unlawful employment practices of PLAINTIFF'S employer.

325. PLANET FITNESS DEFENDANTS engaged in an unlawful discriminatory practice in violation of <u>New York City Administrative Code</u> § 8-107(7) by retaliating against PLAINTIFF because of PLAINTIFF'S engaging in protected activity.

326. PLANET FITNESS DEFENDANTS violated the section as set forth herein.

327. PLANET FITNESS DEFENDANTS were on notice of PLAINTIFF'S disabilities, whether actual and/or perceived.

328. PLAINTIFF advised PLANET FITNESS DEFENDANTS about his disabilities, whether actual and/or perceived, and made a request for a reasonable accommodation.

329. PLANET FITNESS DEFENDANTS engaged in an unlawful discriminatory practice by retaliating and otherwise discriminating against PLAINTIFF because of PLAINTIFF'S opposition to the unlawful employment practices of PLAINTIFF'S employer.

330. PLAINTIFF was retaliated against PLANET FITNESS DEFENDANTS for engaging in protected activity.

331. PLANET FITNESS DEFENDANTS have engaged in an unlawful discriminatory practice by discriminating against PLAINTIFF because of his gender/sex, and sexual orientation,

and for allowing a work environment to exist wherein PLAINTIFF was subjected to a hostile work environment as a result of his gender/sex.

332. PLANET FITNESS DEFENDANTS have engaged in an unlawful discriminatory practice by discriminating against PLAINTIFF because of his disability/disabilities, whether actual and/or perceived, and for allowing a work environment to exist wherein PLAINTIFF was subjected to a hostile work environment as a result of his gender/sex.

333. PLAINTIFF engaged in protected activity when he refused DEFENDANT GAVIN'S sexual advances and told DEFENDANT GAVIN to stop his sexually offensive conduct toward him and when he complained to DEFENDANTS, PEREZ, GAVIN, ANAIDA and TORRES,.

334. PLAINTIFF engaged in protected activity by informing PLANET FITNESS DEFENDANTS of his disabilities, as well as requesting a reasonable accommodation, and by making multiple complaints of discrimination.

335. PLANET FITNESS DEFENDANTS were on notice that a reasonable accommodation should be made for PLAINTIFF.

336. However, PLANET FITNESS DEFENDANTS did not make any reasonable accommodation for PLAINTIFF or engage in any interactive process to determine how they could accommodate PLAINTIFF.

337. As DEFENDANTS, PEREZ, ANAIDA and TORRES, were PLAINTIFF'S supervisors, DEFENDANT PLANET FITNESS is liable for their knowledge of DEFENDANT GAVIN'S sexual harassment of PLAINTIFF, and DEFENDANTS, PEREZ, ANAIDA and TORRES,, acquiesced to same.

338. When PLAINTIFF engaged in protected activity, refused DEFENDANT GAVIN'S

advances and complained to him and DEFENDANTS, PEREZ, GAVIN, ANAIDA and TORRES, about the fact that DEFENDANT GAVIN was violating PLAINTIFF, PLANET FITNESS DEFENDANTS began to retaliate against PLAINTIFF and subjected PLAINTIFF to further hostile work environment which was so intolerable that it became impossible for PLAINTIFF to continue working at DEFENDANT PLANET FITNESS. PLAINTIFF'S environment was permeated with discrimination, ridicule, insult, sexual harassment, and other discriminatory acts, ultimately resulting in the termination of his employment.

339.   PLANET FITNESS DEFENDANTS' actions were a continuing violation.

340.   DEFENDANT GAVIN had no good faith business justification for his actions.

341.   DEFENDANT PLANET FITNESS is vicariously liable for the discriminatory, retaliatory, actions taken against PLAINTIFF as outlined above.

342.   At all times, DEFENDANT PLANET FITNESS was aware that its employees, managers, and Principals (including INDIVIDUAL DEFENDANTS) were subjecting PLAINTIFF to discrimination and retaliation due to his sex/gender and sexual orientation.

343.   At all times, DEFENDANT PLANET FITNESS was aware that its employees, managers, and Principals (including INDIVIDUAL DEFENDANTS) were subjecting PLAINTIFF to discrimination and retaliation due to his disability/disabilities, whether actual and/or perceived.

344.   At all times, DEFENDANT PLANET FITNESS was aware of PLAINTIFF'S complaints and engagement in protected activity.

345.   At all times, DEFENDANT PLANET FITNESS was aware that its employees, agents, and representatives were violating DEFENDANT PLANET FITNESS' policies and procedures

regarding discrimination and retaliation in the workplace.

346.   Yet, DEFENDANT PLANET FITNESS did nothing to protect PLAINTIFF and instead supported, condoned, and ratified the conduct of its employees, agents, and representatives.

347.   PLANET FITNESS DEFENDANTS, collectively and/or individually, ignored PLAINTIFF'S concerns and began to subject PLAINTIFF to a hostile work environment; retaliated against PLAINTIFF for engaging in protected activity.

348.   PLANET FITNESS DEFENDANTS retaliated against PLAINTIFF by disciplining, and terminating his employment due to his disabilities, whether actual and/or perceived, and engagement in protected activities.

349.   PLANET FITNESS DEFENDANTS engaged in an unlawful discriminatory practice by refusing to accommodate PLAINTIFF knowing that he suffered from disabilities, whether actual and/or perceived.

350.   PLAINTIFF was subjected to a hostile retaliatory work environment, which was permeated with discriminatory animus, ridicule, humiliation, threat against employment, unreasonable disciplines, increased scrutiny, summary demotions, differential treatment, and termination (among other things).

351.   Employer, DEFENDANT PLANET FITNESS, supported, condoned, and ratified the unlawful discriminatory conduct of its officers, directors, representatives, INDIVIDUAL DEFENDANTS when they terminated PLAINTIFF.

352.   As a result of PLANET FITNESS DEFENDANTS' discriminatory treatment of PLAINTIFF, he has suffered severe emotional distress.

353.   As a result of PLANET FITNESS DEFENDANTS' discriminatory treatment of PLAINTIFF, he has suffered severe emotional distress, emotional pain, suffering,

inconvenience, loss of enjoyment of life, loss of employment, loss of benefits, prolonged unemployment, loss of employment, humiliation, physical humiliation, physical injury, intimidation, special damages, fear, intimidation, anxiety, depression, anger, loss of employment opportunities, and other non-pecuniary losses.

354.    As such, PLAINTIFF has been damaged as set forth herein and is entitled to the maximum award of damages under this law.

### AS A *TENTH* CAUSE OF ACTION FOR DISCRIMINATION *(Individual Liability)* UNDER THE NEW YORK CITY ADMINISTRATIVE CODE *(Against INDIVIDUAL DEFENDANTS)*

355.    PLAINTIFF repeats, reiterates, and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

356.    The New York City Administrative Code § 8-107(6) provides that it shall be unlawful discriminatory practice: "For any person **to aid, abet, incite, compel, or coerce** the doing of any of the acts forbidden under the chapter, or attempt to do so."

357.    INDIVIDUAL DEFENDANTS engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(6) by aiding, abetting, inciting, compelling, and coercing the above discriminatory and unlawful conduct.

358.    INDIVIDUAL DEFENDANTS each acted pursuant to their authority as managers and supervisors.

359.    INDIVIDUAL DEFENDANTS are liable for aiding and abetting the unlawful conduct of their Employer, DEFENDANT PLANET FITNESS.

360.    INDIVIDUAL DEFENDANTS engaged in an unlawful discriminatory practice by discriminating against PLAINTIFF because of his disabilities, whether actual and/or perceived, and/or stated need for a reasonable accommodation.

361.   But for PLAINTIFF'S disabilities, whether actual and/or perceived, and/or need for an accommodation for medical purposes, PLAINTIFF would not have been humiliated and terminated.

362.   INDIVIDUAL DEFENDANTS are individually liable for their individual discriminatory and retaliatory actions against PLAINTIFF as alleged above.

363.   INDIVIDUAL DEFENDANTS herein utilized his position, stature, status, and authority as manager/supervisors to subject PLAINTIFF to unlawful discrimination and retaliation as alleged above.

364.   At all times, INDIVIDUAL DEFENDANTS knew that DEFENDANT GAVIN'S conduct was unwelcome, unwanted, and was making PLAINTIFF uncomfortable. Nevertheless, he persisted.

365.   INDIVIDUAL DEFENDANTS were acting pursuant to their power, authority, and duties as managers of DEFENDANT PLANET FITNESS.

366.   PLANET FITNESS DEFENDANTS had no good faith business justification for his actions.

367.   PLANET FITNESS DEFENDANTS' conduct was a continuing violation.

368.   DEFENDANT PLANET FITNESS is vicariously liable for the discriminatory, retaliatory, actions taken against PLAINTIFF as outlined above.

369.   At all times, DEFENDANT PLANET FITNESS was aware that its employees, managers, and Principals (including INDIVIDUAL DEFENDANTS) were subjecting PLAINTIFF to discrimination and retaliation due to his gender.

370.   At all times, DEFENDANT PLANET FITNESS was aware of PLAINTIFF'S complaints and engagement in protected activity.

371.  At all times, DEFENDANT PLANET FITNESS was aware that its employees, agents, and representatives were violating DEFENDANT PLANET FITNESS'S policies and procedures regarding discrimination and retaliation in the workplace.

372.  Yet, DEFENDANT PLANET FITNESS did nothing to protect PLAINTIFF and instead supported, condoned, and ratified the conduct of its employees, agents, and representatives, INDIVIDUAL DEFENDANTS when they terminated PLAINTIFF.

373.  PLAINTIFF was subjected to a hostile retaliatory work environment, which was permeated with discriminatory animus, ridicule, humiliation, threat against employment, unreasonable disciplines, increased scrutiny, summary demotions, negative performance evaluations, and termination (among other things) by INDIVIDUAL DEFENDANTS.

374.  As a result of PLANET FITNESS DEFENDANTS' discriminatory/retaliatory treatment of PLAINTIFF, he has suffered severe emotional distress.

375.  As a result of PLANET FITNESS DEFENDANTS' discriminatory treatment of PLAINTIFF, he has suffered severe emotional distress, emotional pain, suffering, inconvenience, loss of enjoyment of life, loss of employment, loss of benefits, prolonged unemployment, loss of employment, humiliation, physical humiliation, physical injury, intimidation, special damages, fear, intimidation, anxiety, depression, anger, loss of employment opportunities, and other non-pecuniary losses.

376.  As such, PLAINTIFF has been damaged as set forth herein and is entitled to the maximum award of damages under this law.

## PUNITIVE DAMAGES

377.  PLANET FITNESS DEFENDANTS' conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.

378.   As such, punitive damages are appropriate against INDIVIDUAL DEFENDANTS as a result of PLANET FITNESS DEFENDANTS' above-described conduct and PLAINTIFF demands Punitive Damages as against all PLANET FITNESS DEFENDANTS, jointly and severally.

## **JURY DEMAND**

379.   PLAINTIFF requests a jury trial on all issues to be tried.

**WHEREFORE**, PLAINTIFF respectfully requests a judgment against the PLANET FITNESS DEFENDANTS:

A.   Declaring that PLANET FITNESS DEFENDANTS engaged in unlawful employment practices prohibited by Title VII, the ADA, the NYSHRL, and NYCHRL in that PLANET FITNESS DEFENDANTS discriminated against PLAINTIFF and retaliated against PLAINTIFF for complaining of unlawful sexual harassment, sex/gender discrimination, sexual orientation discrimination, disability discrimination (whether actual and/or perceived), and/or retaliation;

B.   Awarding damages to PLAINTIFF for all lost wages and benefits resulting from PLANET FITNESS DEFENDANTS' unlawful discrimination and retaliation and to otherwise make his whole for any losses suffered as a result of such unlawful employment practices;

C.   Awarding PLAINTIFF compensatory damages for mental, emotional injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

D.   Awarding PLAINTIFF punitive damages;

E.   Awarding PLAINTIFF attorneys' fees, costs, and expenses incurred in the prosecution of the action and as afforded under the above local statutes; and

F.      Awarding PLAINTIFF such other and further relief as the Court may deem equitable, just,

and proper to remedy PLANET FITNESS DEFENDANTS' unlawful employment

practices.

Dated:  New York, New York
        February 2, 2022

                                        **PHILLIPS & ASSOCIATES,**
                                        **ATTORNEYS AT LAW, PLLC**

                            By:         _____
                                        Gregory Calliste, Jr., Esq.
                                        Alexandria Jean-Pierre, Esq.
                                        *Attorneys for Plaintiff*
                                        45 Broadway, Suite 430
                                        New York, New York 10006
                                        T: (212) 248 - 7431
                                        F: (212) 901 – 2107
                                        gcalliste@tpglaws.com
                                        ajean-pierre@tpglaws.com

# EXHIBIT A

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **Ms. Mariah Maryse**<br>**200 W. 39th Street, #15**<br>**New York, NY 10018** | From: **New York District Office**<br>**33 Whitehall St, 5th Floor**<br>**New York, NY 10004** |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2021-05057** | **D. Young,**<br>**Investigator** | **(929) 506-5309** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.***

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By: Timothy Riera
12/19/2022

Enclosures(s)

**Timothy Riera**
**Acting District Director**

cc: **Justin Vartanian**
**Planet Fitness**
**4 Liberty Lane West**
**Hampton, NH 03842**

**Gregory  Calliste**
**PHILLIPS & ASSOCIATES**
**45 Broadway, Suite 430**
**New York, NY 10006**
**Ana Taylor**
**ataylor@tpglaw.com**